IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:21-CV-00141-M

| | |
|---|---|
| ATLANTIC COAST MARINE GROUP, INC., | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) ORDER |
| v. | )<br>) |
| RICHARD S. HANNYE, | )<br>) |
| Defendant. | |

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Complaint [DE 8]. The Defendant, Richard S. Hannye, moves to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of jurisdiction, under Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a necessary party, and under the "First to File" rule. In a previous case involving the same parties, same facts, and same underlying dispute, this court decided it has jurisdiction over the parties. *See Atl. Coast Marine Grp., Inc. v. Hannye,* No. 4:20-CV-00090-M, 2020 WL 5521415, at *3–4 (E.D.N.C. Sept. 14, 2020). Hannye has failed to demonstrate failure to join a necessary party in this action and the court can craft relief to avoid any prejudice to the parties. The first-to-file rule does not apply here because it applies only to cases filed between two federal district courts; it does not apply to cases filed between state and federal courts. Therefore, Hannye's motion is denied.

I.      **Background**

This is an admiralty case. Plaintiff Atlantic Coast Marine Group, Inc. ("ACMG") claims a salvage award in the amount of at least $46,686.31 as well as equitable uplift, attorneys' fees,

costs, prejudgment and post-judgment interest. Compl. ¶¶ 1, 4. ACMG is a corporation organized and existing under the laws of North Carolina with its principal place of business located in Morehead City, North Carolina. *Id.* ¶ 6. Defendant Richard S. Hannye is a lawyer licensed in New Jersey and Pennsylvania. *Id.* ¶ 8. ACMG provided marine salvage services to the sailing vessel PHOENICIAN, which is a 39' 2000 Dufour Nautitech catamaran sailboat assigned U.S. Documentation # 1130639 (hereinafter "Vessel"). *Id.* ¶ 10. Hannye held himself out to ACMG as owning the Vessel. *Id.* ¶ 11.

In transit to Cape Charles, Virginia, from Herrington Harbor, Maryland, the Vessel was blown up on a shoal, hard aground, exposed to weather, and unable to extricate itself. *Id.* ¶ 19. On or about January 5, 2020, Hannye contacted ACMG and spoke to its principal, Capt. N. Lee Sykes, who was located in his office in Morehead City, North Carolina. *Id.* ¶ 21. ACMG mobilized its vessels and specialized equipment in North Carolina and traveled to remove the Vessel. *Id.* ¶ 22. In connection with these services, Hannye signed ACMG's salvage contract. *Id.* ¶ 24. ACMG represented to Hannye that it would perform the salvage on a no-cure/no-pay basis with any salvage award calculated on a time and materials basis with ACMG's rates set out in the Basic Ordering Agreement it maintains with the U.S. Coast Guard. *Id.* ¶ 26. ACMG extricated the Vessel and towed it to Cape Charles, Virginia. *Id.* ¶ 27.

ACMG returned to North Carolina and sought $46,686.31 from Hannye. *Id.* ¶ 29. Hannye refused to pay, so ACMG commenced an arbitration action. *Id.* ¶ 30. This court determined it had jurisdiction over the arbitration action and denied ACMG's petition to compel arbitration. *Id.* ¶ 32. The present suit followed.

2

## II. Legal Standards

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may assert that a suit should be dismissed for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). A district court can assert personal jurisdiction over a non-resident defendant if two conditions are satisfied. *Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). First, the forum state's long-arm statute must authorize jurisdiction. *Id.* "[S]econd, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." *Id.* Because North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, "is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause . . . the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has such minimal contacts with the forum state that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Christian Sci. Bd. of Dirs.*, 259 F.3d at 215 (internal quotation marks omitted).

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). The district court conducts a two-step inquiry under Rule 19 to determine if a party should be joined in an action. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 249 (4th Cir. 2000). "First, the district court must determine whether the party is 'necessary' to the action under Rule 19(a)." *Id.* "If the court determines that the party is 'necessary,' it must then determine whether the party is 'indispensable' to the action under Rule 19(b)." *Id.*

Rule 19(a) defines a "necessary" party. A party is necessary if

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

3

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Rule 19(b) includes a list of factors for the court to consider in deciding whether the action should proceed or be dismissed. *Id.* Those factors include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;

    (B) shaping the relief; or

    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* "Although framed by the multi-factor tests of Rule 19(a) & (b) [of the Federal Rules of Civil Procedure], 'a decision whether to dismiss must be made pragmatically, in the context of the

4

substance of each case, rather than by procedural formula.'" *Teamsters Loc. Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999) (quoting *Provident Tradesmen Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 119 n.16 (1968)). The defendant bears the burden of showing failure to join a necessary party. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may assert that a suit should be dismissed for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). The first-to-file rule provides that "when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982); *see also United States v. Brick*, No. 87-7310, 1988 WL 33796, at *1 (4th Cir. Apr. 11, 1988) (per curiam) (unpublished); *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594–95 (4th Cir. 2004).[1] The rule is one "of sound judicial administration," and the first suit has priority except where the "balance of convenience" favors the second-filed action. *Ellicott Mach. Corp. v. Mod. Welding Co.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974). Thus, although "between federal district courts . . . no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, "as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id.* "This difference in general approach between state-federal concurrent

---

[1] The first-to-file rule concerns "jurisdiction of the parties." *See Allied-Gen. Nuclear Servs.*, 675 F.2d at 612 ("'Jurisdiction,' as spoken of in this opinion, is not subject matter jurisdiction, but rather jurisdiction of the parties.").

5

jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.*

## III. Analysis

Hannye's motion is rejected for three reasons. First, this court determined it has personal jurisdiction over the parties in a previous suit concerning the same parties, the same facts, and the same underlying dispute, *see Atl. Coast Marine Grp., Inc. v. Hannye,* No. 4:20-CV-00090-M, 2020 WL 5521415, at *3–4 (E.D.N.C. Sept. 14, 2020), and the Defendant has not provided any convincing reason to revisit that decision. Second, the Defendant has not met his burden of showing failure to join a necessary party, and even if he had, this court can shape the relief to avoid any prejudice; thus, the action should proceed among the existing parties. Finally, the first-to-file rule does not apply here because it applies only to cases between two federal district courts, not to cases filed between state and federal courts.

### 1. Personal Jurisdiction

This court has already determined it has personal jurisdiction over the parties. In *Atlantic Coast Marine Group, Inc. v. Hannye*, ACMG sued Hannye to compel arbitration pursuant to a disputed contract. This court held that it had jurisdiction over the parties but denied the motion to compel, finding the contract invalid. *Atl. Coast Marine Grp.,* No. 4:20-CV-00090-M, 2020 WL 5521415, at *3–4; *Atl. Coast Marine Grp., Inc. v. Hannye*, No. 4:20-CV-00090-M, 2021 WL 6113628, at *12 (E.D.N.C. Aug. 19, 2021). In the present suit, ACMG sues Hannye claiming a salvage award based on the same facts that formed the basis for its previous action to compel arbitration. Thus, this court has already found that it has personal jurisdiction in a case concerning the same parties, the same facts, and the same underlying dispute as presented in the present case.

6

In the first *Atlantic Coast Marine Group, Inc. v. Hannye*, the court held that it had "specific" personal jurisdiction over the Defendant, satisfying the three-factor test laid down in *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390 (4th Cir. 2003). Under *Carefirst*, a district court determines whether specific jurisdiction exists by considering three factors: "(1) the extent to which the defendant has purposefully availed [himself] of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Id.* at 397.

This court found the three-factor *Carefirst* test satisfied here based on several key facts. The court noted

(1) Petitioner [located in North Carolina] and Hannye corresponded a number of times regarding an unsigned proposed marine-salvage contract [*see* DE-3 ¶¶ 24–25, DE-11-9 ¶¶ 22, 24]; (2) the proposed contract listed Petitioner's address in Beaufort, North Carolina [DE-11-2]; (3) the proposed contract both contemplated litigation in this court and expressly set forth that "[a]ll parties submit to the personal jurisdiction of the U.S. District Court for the Eastern District of North Carolina in connection with any litigation arising out of" Petitioner's contemplated salvage services [DE-11-2]; and (4) Hannye signed the proposed contract, albeit with edits—notably not including any edit to the proposed contract's personal-jurisdiction provision—and sent it back to Petitioner [DE-11-2; DE-3 ¶¶ 30–31; DE-11-9 ¶ 25].

*Atl. Coast Marine Grp.*, No. 4:20-CV-00090-M, 2020 WL 5521415, at *4.[2]

As to the first factor, this court found that ACMG had "presented prima facie evidence that, in corresponding with Petitioner and signing the proposed contract, Hannye purposefully directed

---

[2] The court also noted that even if the disputed contract was deemed unenforceable that the court's jurisdictional analysis would not change because a party can purposefully avail itself of the privilege of conducting business in a state based on the fact that the forum state "was the site . . . of steps preliminary to [the contract's] execution." *E.g., Du-Al Corp. v. Rudolph Beaver, Inc.*, 540 F.2d 1230, 1233 (4th Cir. 1976); *see also id.* at 1232 ("Maryland courts could and would assert jurisdiction over a party to a contract in a suit for breach of that contract if the party has performed 'purposeful acts' in Maryland 'in relation to the contract, *albeit preliminary or subsequent to its execution.*'") (emphasis added).

7

his commercial efforts towards a resident of North Carolina in seeking to enter into a contract having a substantial connection with North Carolina." *Id.* (internal citations omitted). As to *Carefirst*'s second prong, this court found "Hannye's contacts with North Carolina discussed above were plainly undertaken in connection with the disputed contract that forms the basis of Petitioner's petition to compel arbitration." *Id.* On the third factor, the court considered a list of "additional factors to ensure the appropriateness of the forum," including

(1) the burden on the defendant of litigating in the forum;

(2) the interest of the forum state in adjudicating the dispute;

(3) the plaintiff's interest in obtaining convenient and effective relief;

(4) the shared interest of the states in obtaining efficient resolution of disputes; and

(5) the interests of the states in furthering substantive social policies.

*Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 279 (4th Cir. 2009). This court determined that only the first factor potentially weighed against finding personal jurisdiction but concluded "that the burden on Hannye of litigating in this court is insufficient to preclude it from exercising personal jurisdiction over him, particularly since Hannye signed a proposed contract contemplating that the court would do just that." *Atl. Coast Marine Grp.*, 2020 WL 5521415, at *4.

The present case presents the same parties, the same facts, and the same underlying dispute; therefore, the three *Carefirst* factors are satisfied and this court has jurisdiction over the parties. First, when Hannye corresponded with ACMG and signed the proposed contract, he purposefully availed himself of the privilege of conducting activities in North Carolina. Second, ACMG's claims arise out of the activities that Hannye directed at North Carolina, including soliciting ACMG's services from North Carolina and negotiating and signing a contract for those services,

8

which included a provision that the parties would submit to the personal jurisdiction of the United States District Court for the Eastern District of North Carolina. Third, the exercise of personal jurisdiction is constitutionally reasonable because the relevant factors weigh the same in the present case as in the previous suit. Because this court holds that it has specific personal jurisdiction over the parties, it need not consider Hannye's arguments on whether it has general jurisdiction or whether contractual consent forms a valid basis for personal jurisdiction.

## 2. Joinder of a Necessary Party

Hannye has not met his burden of proving Sandy Point Marine Services, LLC ("SPMS"), is a necessary party; but even if SPMS is a necessary party, the court will not dismiss this action because the court can shape relief to avoid any prejudice. Fed. R. Civ. P. 19(b) (the factors the court must consider in determining whether an action should proceed without a necessary party include "the extent to which any prejudice could be lessened or avoided by . . . shaping the relief.").

Hannye argues that SPMS is a necessary party because ACMG's claim against Hannye includes at least $6,000 in towing services provided by SPMS. [DE 1-1]. He argues that if this court cannot obtain personal jurisdiction over SPMS, or if SPMS refuses to become a party, then the Complaint must be dismissed pursuant to Rule 19(b). [DE 9 at 9–10].

ACMG argues that Hannye has not alleged that he was a party to any contract with SPMS. Instead, ACMG asserts that Hannye successfully argued that ACMG did not have an enforceable contract with him. [DE 11 at 3]. ACMG states that any claim existing between ACMG and SPMS is irrelevant to ACMG's claim against Hannye. *Id.* Additionally, "[w]hatever claim as may exist between ACMG and SPMS, assuming it has not previously been satisfied by ACMG, is irrelevant to ACMG's common law salvage claim against Hannye." [DE 11 at 3].

9

The burden is on Hannye to demonstrate that SPMS is a necessary party. Hannye has not met his burden. Hannye does not direct the court to any evidence of what services SPMS provided on January 7 and 13, 2020, that would amount to $6,000. The court can only speculate as to what services Hannye alleges SPMS provided that amount to $6,000. Although invalidated, the salvage contract under which ACMG purported to act was between Hannye and ACMG; SPMS was not a party to that contract. [DE 11-1, Exs. B and C]. In addition, ACMG states "[w]hatever claim as may exist between ACMG and SPMS, *assuming it has not previously been satisfied by ACMG*, is irrelevant to ACMG's common law salvage claim against Hannye." [DE 11, at 3 (emphasis added)]. If ACMG has already satisfied the claim between it and SPMS, then SPMS is not a necessary party. If SPMS has already been paid, it is less likely that it would have a claim against Hannye and, therefore, less likely that SPMS would be a necessary party. Hannye has not met his burden of demonstrating that SPMS is a necessary party.

Even if SPMS does have a $6,000 interest in ACMG's claim against Hannye and is a necessary party, under Rule 19(b) this court will not dismiss this action because it can shape the relief to avoid any prejudice to the parties. Hannye suggests that without SPMS in the present suit, he "takes the risk of being sued by SPMS for money paid by Hannye to ACMG; the risk of becoming involved in a dispute between ACMG and SPMS over settlement proceeds; and the risk of inconsistent results in Pennsylvania and North Carolina courts." [DE 9, at 10]. However, this court can craft relief to avoid these potential problems. For example, this court can craft relief such that, if ACMG prevails, any interest in the judgment owed to SPMS or to any other party must be satisfied by ACMG, not Hannye.

Hannye cites a single case in support of his argument that SPMS is a necessary party: *National Union Fire v. Rite of Aid of South Carolina*, 210 F.3d 246 (4th Cir. 2000). There, the

10

Case 4:21-cv-00141-M   Document 15   Filed 07/12/22   Page 10 of 12

Fourth Circuit held that Rite Aid was a necessary party for two reasons. First, permitting the action to proceed without Rite Aid would impair or impede Rite Aid's ability to protect a "claim[ed] . . . interest relating to the subject of the action." *Id.* at 250 (Fed. R. Civ. P. 19(a)(2)(1)). Second, permitting the suit to proceed without Rite Aid "could subject [the plaintiff] to 'a substantial risk of incurring' conflicting legal obligations." *Id.* at 252 (Fed. R. Civ. P. 19(a)(2)(ii)). On this second factor the court found Rite Aid was a necessary party because

> permitting [the] suit to continue could subject National Union to "a substantial risk of incurring" conflicting legal obligations. Fed. R. Civ. P. 19(a)(2)(ii). At this time, a parallel action brought by Rite Aid and RASC is pending in Pennsylvania state court. If this district court action is allowed to proceed, one court might find that National Union did not receive timely notice and, therefore, is not obligated to defend and indemnify Rite Aid and RASC in the underlying lawsuit. The other court might reach the opposite conclusion. This very real possibility of inconsistent judgments weighs heavily in favor of finding that Rite Aid is a necessary party.

*Nat'l Union Fire Ins. Co. of Pittsburgh*, 210 F.3d at 252. The first factor is not relevant on the briefing because, as stated above, Hannye has not provided any evidence that SPMS has a claimed interest in this suit. The second factor might be relevant because Hannye has a suit pending in Pennsylvania state court against both ACMG and SPMS. However, as stated above, this court can shape relief to ensure that if SPMS has any interest in this case and a judgment is awarded in ACMG's favor, then SPMS may not seek its interest from Hannye. In addition, in *Rite Aid*, the court only dismissed the case for failure to join a necessary party because "its joinder would destroy complete diversity." *Id.* Here, there is no evidence that joining, or failing to join, SPMS would undermine this court's jurisdiction. As such, this court can craft relief to avoid any prejudice to the parties from SPMS's absence from this suit.

### 3. The First-to-File Rule

Finally, the first-to-file rule does not apply as between federal and state courts. It applies only between concurrent federal courts. *See, e.g., Colorado River Water Conservation Dist.*, 424

11

U.S. at 817 ("Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .' As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation."); *see also Allied-Gen. Nuclear Servs.*, 675 F.2d at 611 (The first-to-file rule provides that "when multiple suits are filed *in different Federal courts* upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed.") (emphasis added). Hannye argues that this court should dismiss this suit because it was filed after Hannye sued ACMG in Pennsylvania state court. As such, Hannye's attempted invocation of the first-to-file rule is inapplicable.

## IV. Conclusion

The court concludes (1) it has personal jurisdiction over the parties, (2) AMCG did not fail to join a necessary party, and (3) the first-to-file rule does not apply. Defendant's motion is DENIED.

SO ORDERED this 12th day of July, 2022.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE